**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Nelson Milsap, | No. CV-19-04671-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Insurance Company, et al., | |
| Defendants. | |

Plaintiff Andrew Nelson Milsap ("Plaintiff") suffered serious burns to his feet from scalding water applied during a pedicure. The nail salon that treated him was insured by Defendant American Family Insurance Co. Plaintiff engaged in settlement discussions with American Family and he was offered $22,000 to settle his claim. Mr. Milsap signed a settlement agreement. American Family sent him a check and a release of his claims.

Plaintiff is now suing American Family, its claim adjuster, and the salon owner. He alleges that they violated his civil rights and that he has a remedy under 42 U.S.C. § 1983. Plaintiff has amended his complaint. (Doc. 15.) The amended complaint states that he has a "right to fair compensation." (*Id*. ¶ 7.) It also states that he was "discriminated against" by the Defendants because of his disability. (*Id*. at 3-4.) Defendants now move to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. 16.) The Motion is granted.

Section 1983 is a statutory remedy for violations of federal constitutional or statutory rights. To state a valid claim, a plaintiff must allege, among other things, a federal right that was violated and that the defendant was acting under color of state law. *City of*

*Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Plaintiff does neither in this case. The crux of Plaintiff's lawsuit is that he is not happy with his settlement with American Family. He does not allege any federal statute or constitutional provision that was violated. This in and of itself is fatal to his amended complaint. Additionally, Plaintiff does not allege that any of the defendants acted under color of state law. This deficiency is also fatal. To the extent that Plaintiff alleges either of these elements, his allegations are threadbare and conclusory. Such pleading is insufficient to satisfy the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

  The Motion to Dismiss raises other grounds for dismissal. The Court need not determine those issues, as this matter may be disposed of as previously discussed. Plaintiff shall be granted leave to amend and may file a Second Amended Complaint. The Court strongly suggests that Plaintiff carefully evaluate the facts and determine whether he can pursue an action in federal court. This means evaluating whether he can state a claim for relief under § 1983 under any facts relating to his claim and settlement with American Family.

  Accordingly,

  **IT IS ORDERED** granting the Motion to Dismiss. (Doc. 16.)

  **IT IS FURTHER ORDERED** that Plaintiff shall have until June 26, 2020 to file a Second Amended Complaint. Because Plaintiff is granted leave to amend, the Clerk of the Court shall not enter judgment at this time.

  Dated this 10th day of June, 2020.

Michael T. Liburdi
United States District Judge